**BAKER & HOSTETLER LLP**
Matthew C. Kane, SBN 171829
Amy E. Beverlin, SBN 284745
Kerri H. Sakaue, SBN 301043
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4508
Telephone:   310.820.8800
Facsimile: 310.820.8859
Emails:   *mkane@bakerlaw.com*
            *abeverlin@bakerlaw.com*
            *ksakaue@bakerlaw.com*

**BAKER & HOSTETLER LLP**
Sylvia J. Kim, SBN 258363
Transamerica Pyramid
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone:   415.659.2600
Facsimile:   415.659.2601
Email:       *sjkim@bakerlaw.com*

Attorneys for Defendant
OLD DOMINION FREIGHT LINE, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMBROCIO RODRIGUEZ, an individual;<br><br>        Plaintiff,<br><br>        v.<br><br>OLD DOMINION FREIGHT LINE, INC., a corporate entity form unknown; and DOES 1-50, inclusive,<br><br>        Defendants. | CASE NO.<br><br>[Los Angeles Superior Court Case No. 25PSCV02509]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>Complaint Filed:    July 8, 2025<br>Complaint Served:  October 29, 2025 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

Defendant Old Dominion Freight Line, Inc. ("**ODFL**" or "**Defendant**"), by and through its counsel, hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Los Angeles (the "**State Court**"), in which the action is currently pending, to the United States District Court for the Central District of California on the grounds that this Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and all other applicable bases for removal.  In support of this Notice of Removal, ODFL avers as follows:

<u>**PLEADING AND PROCEDURES**</u>

1.      On July 8, 2025, Plaintiff Ambrocio Rodriguez filed an unverified Complaint (the "**Complaint**") in the State Court commencing this civil action in a case styled *Ambrocio Rodriguez, an individual v. Old Dominion Freight Line, Inc., a corporate entity form unknown; and DOES 1-50, inclusive,* Case No. 25PSCV02509 (the "**State Court Action**").  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.      On October 29, 2025, ODFL's registered agent for service of process was personally served with the Complaint in the State Court Action and the following documents:

|  |  |
|---|---|
| **Exhibit B**: | Summons |
| **Exhibit C**: | Civil Case Cover Sheet |
| **Exhibit D**: | Civil Case Cover Sheet Addendum and Statement of Location |
| **Exhibit E**: | Notice of Case Assignment |
| **Exhibit F**: | Notice of Case Management Conference |
| **Exhibit G**: | Alternative Dispute Resolution Information Package |
| **Exhibit H**: | Plaintiff's Statement of Punitive Damages |

4.      ODFL is informed and believes that the following additional documents

1

are also on file in the State Court Action, true and correct copies of which are attached as the Exhibits identified below:

> **Exhibit I**:   Order to Show Cause re: Failure to File Proof of Service
>
> **Exhibit J**:   Order re: Court Fee Waiver
>
> **Exhibit K**:  Proof of Personal Service
>
> **Exhibit L**:  Case Management Statement
>
> **Exhibit M**:  Order re: Court Fee Waiver
>
> **Exhibit N**:  Minute Order
>
> **Exhibit O**:  Proof of Personal Service

5.    ODFL is informed and believes that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court Action.

6.    ODFL is informed and believes that there has been no service of process upon Does 1 through 50, which are fictitious defendants and therefore properly disregarded for the purpose of removal.  28 U.S.C. § 1441(a).

## TIMELINESS OF REMOVAL

7.    This action has not previously been removed to federal court.

8.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) which provides that such Notices "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based."

9.    ODFL has filed this Notice of Removal within 30 days of October 29, 2025, the date on which Plaintiff served ODFL's agent for service of process with the Complaint.  *See Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1128 n.2 (9th Cir. 2019) (applying Fed. R. Civ. P. Rule 6 when calculating the 30-day removal clock).

## REMOVAL JURISDICTION – TRADITIONAL DIVERSITY

10.    This Court has jurisdiction over this action under 28 U.S.C. § 1332(a),

28 U.S.C. § 1441(b), and all other applicable bases for removal.  As required by 28 U.S.C. § 1441, ODFL seeks to remove this case to the United States District Court for the Central District of California which is the District Court embracing the place where the State Court Action has been filed.

11.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and it is an action that may be removed to this Court by ODFL, because: (1) there is complete diversity of citizenship between Plaintiff, on the one hand, and ODFL on the other hand; and (2) the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs.

12.    In accordance with 28 U.S.C. § 1446(d), ODFL will provide contemporaneous written notice of this Notice of Removal to all adverse parties and to the Clerk of the State Court.

## **CITIZENSHIP OF PARTIES**

13.    **Plaintiff's Citizenship.**  At all times during Plaintiff's employment with ODFL, he has had a State of California driver's license and mailing address.  ODFL is informed and believes that, at all times relevant to this action, Plaintiff has been and is a resident and citizen of the State of California.  *See* Exh. A (Complaint), ¶ 9 (alleging the "claims and causes of action alleged [in the Complaint] occurred and accrued in the County of Los Angeles, State of California.").  Further, ODFL is informed and believes that Plaintiff is residing and intends to indefinitely remain living continuously in California, and that his domicile presently is in California.  Accordingly, Plaintiff is a resident and citizen of the State of California for purposes of traditional diversity jurisdiction.  *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *see also, e.g.*, *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013) (person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change"); *Lew v. Moss*, 797 F.2d 747, 751-52 (9th Cir. 1986) (party domiciled in state of party's address); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th

1  Cir. 1994) (residence is *prima facie* evidence of domicile for purposes of determining
2  citizenship).

3        14.    **Defendant ODFL's Citizenship.**  ODFL is a Virginia corporation with
4  its corporate headquarters and principal place of business in Thomasville, North
5  Carolina.    *See*    California    Secretary    of    State    Business    Search    at
6  https://bizfileonline.sos.ca.gov/search/business (Corporation Name Searched: "Old
7  Dominion Freight Line, Inc.").   At its corporate headquarters in North Carolina,
8  ODFL's officers direct, control, and coordinate ODFL's activities, and the majority
9  of its executive and administrative functions are performed there.  Thus, ODFL is not
10 a citizen of California, but rather, was and is a citizen of Virginia and North Carolina.
11 *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, "[a] corporation shall be deemed
12 a citizen of any State by which it has been incorporated and of the State where it has
13 its principal place of business"); *see also Hertz Corp. v. Friend,* 559 U.S. 77, 92-93
14 (2010) (the "'principal place of business' is best read as referring to the place where a
15 corporation's officers direct, control, and coordinate the corporation's activities," and
16 in practice, the principal place of business "should normally be the place where the
17 corporation maintains its headquarters – provided that the headquarters is the actual
18 center of direction, control, and coordination").[1]

19       15.    **Doe Defendants.**  Defendants "DOES 1-50" are fictitious Defendants
20 whose citizenship is disregarded for purposes of removal.  *See* 28 U.S.C. § 1441(a).

21       16.    As Plaintiff and ODFL have diverse citizenship, there is complete
22 diversity of citizenship between the relevant parties.

23                              **<u>AMOUNT IN CONTROVERSY</u>**

24       17.    An action may be removed to and remain in federal court if the defendant

_____

27       [1] If this Court's jurisdiction is challenged, either by Plaintiff or *sua sponte*,
   ODFL expressly reserves and does not waive its right to supplement and/or amend its
28 removal submissions to present additional information to demonstrate the existence
   of the requisite diversity between the parties.

establishes, by a preponderance of the evidence, that the aggregate amount-in-controversy exceeds the jurisdictional amount. *See Abrego Abrego v. Dow Chemical Co.,* 443 F.3d 676, 683 (9th Cir. 2006); *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972). To satisfy the preponderance of the evidence test, a defendant must demonstrate that "it is more likely than not" that the amount-in-controversy is satisfied. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). However, evidentiary submissions are **not** required ***at the time of removal***. *See Arias*, 936 F.3d at 925 (holding that defendant need not prove the amount in controversy in notice of removal). "Instead, evidence showing the amount in controversy is required '*only when* the plaintiff contests, or the court questions, the defendant's allegation.'" *Id.* (emph. added).

18.    Indeed, when a defendant seeks to remove an action to federal court on grounds of diversity jurisdiction, "the defendant's amount-in-controversy allegation should be accepted [as true] when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014); *Arias v. Residence Inn by Marriott*, 93 F.3d 920, 927 (9th Cir. 2019) ("[A]ssumptions made part of the defendant's chain of reasoning need not be proven; they instead must only have 'some reasonable ground underlying them.'"). At the time of removal, the removing defendant's burden of establishing that the amount in controversy exceeds $75,000 is not daunting and does not require the defendant to do extensive research or prove the plaintiff's damages. *See, e.g., Ray v. Wells Fargo Bank, N.A.*, 2011 WL 1790123, at *16 (C.D. Cal. May 9, 2011) (Matz, J.). Thus, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S.Ct. at 554. Furthermore, it is an abuse of discretion for a district court to *sua sponte* remand a case back to state court without first giving the removing defendant an opportunity to show that the jurisdictional requirements are met. *Academy of Country Music v. Continental Casualty Co.*, 991 F.3d 1059 (9th Cir. 2021). *See also, e.g., Arias v*, 93 F.3d at 924

1    ("A district court may not remand the case back to state court without first giving the
2    defendant an opportunity to show by a preponderance of the evidence that the
3    jurisdictional requirements are satisfied.").

4         19.    A plaintiff's complaint is a court's "first source of reference in
5    determining the amount in controversy." *LaCrosse v. Knight Truck & Trailer Sales,*
6    *LLC*, 775 F.3d 1200, 1203 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red*
7    *Cab Co.*, 303 U.S. 283, 289 (1938)).    In determining whether the amount-in-
8    controversy exceeds $75,000, the court must presume that the plaintiff will prevail on
9    each and every claim asserted in his complaint. *See Kenneth Rothschild Trust v.*
10   *Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (Morrow,
11   J.).    The ultimate inquiry asks what amount is put "in controversy" by the operative
12   complaint—not what a court or jury might later determine to be the actual amount of
13   damages, if any. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir.
14   2015) (defendants "are not stipulating to damages suffered" in a removal petition, "but
15   only estimating the damages that are in controversy," because "jurisdiction must be
16   analyzed on the basis of pleadings filed at the time of removal").[2]    The court may also
17   look beyond the complaint to determine whether the amount-in-controversy is met, if
18   necessary. *See Abrego Abrego*, 443 F.3d at 690.

19        20.    The amount in controversy may include general and special
20   compensatory damages. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416
21   (9th Cir. 2018); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002).
22   Further, when attorneys' fees are authorized by statute, they are appropriately part of
23   the calculation of the "amount in controversy" for purposes of removal. *See Fritsch*

24

---

25      [2] *Scherer v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394,
26   399 (2d Cir. 2003) (the "'amount in controversy' … for jurisdictional purposes, [is]
     the sum put in controversy by the plaintiff's complaint"); *see also Wilder v. Bank of*
27   *Am.*, 2014 WL 6896116, at *4 (C.D. Cal. Dec. 5, 2014) (Morrow, J.) (determining
     amount in controversy requires that court assume that the allegations of the complaint
28   are true and that a jury will return a verdict for the plaintiff on all claims made in the
     complaint because the ultimate inquiry is what amount is put "in controversy" by the
     complaint, not what a defendant will actually owe).

*v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 789, 794 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Moreover, "a court ***must*** include **future** attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794 (emph. added); *see also Chavez*, 888 F.3d at 414-15 ("[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses ***all*** relief a court may grant on that complaint if the plaintiff is victorious." (emph. added)). The amount-in-controversy may also include punitive damages and emotional distress. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Kroske*, 432 F.3d at 980.

## PLAINTIFF'S COMPLAINT

21. Here, Plaintiff asserts in his Complaint twelve causes of action for: (1) harassment in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 *et seq.*; (2) disability discrimination in violation of FEHA; (3) failure to accommodate in violation of FEHA; (4) failure to engage in the interactive process in violation of FEHA; (5) age discrimination in violation of FEHA; (6) failure to prevent discrimination in violation of FEHA; (7) retaliation in violation of FEHA; (8) wrongful termination; (9) meal and rest break violations of Cal. Lab. Code § 226.7; (10) failure to pay overtime and wages; (11) failure to pay all compensation at termination; and (12) violation of Cal. Bus. & Prof. Code § 17200 *et seq.* In connection with his claims, Plaintiff seeks recovery for "all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof," "punitive and exemplary damages," "attorneys' fees, according to proof and statute," "costs of suit," and "pre-judgment and post-judgment interest." *See* Exh. A (Complaint), Prayer for Relief at 26:3-6,

26:10-13.

## COMPENSATORY DAMAGES

22. Notably, the amount in controversy is not limited to damages incurred prior to removal. Instead, as the Ninth Circuit held in *Chavez v. JPMorgan Chase & Co.*, it includes lost wages incurred after the time of removal where, as here, they are ***expressly*** prayed for as relief in the operative pleading. *See Chavez*, 888 F.3d at 417-18 (holding that lost wages incurred after removal were appropriately included in the amount in controversy since they were claimed at the time the case was removed by defendant). Indeed, in determining the amount in controversy, it is appropriate to consider the amount of lost wages through the time of trial. *See, e.g., Tiffany v. O'Reilly Auto Stores, Inc.*, 2013 WL 4894307, at *3-4 (E.D. Cal. Sept. 11, 2013) (denying remand in employment discrimination action and accepting calculation of 108 weeks of post-removal lost wages through date of trial as appropriately included in amount-in-controversy calculation).

23. Here, the Complaint ***expressly*** seeks "loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for [ODFL's] wrongful conduct, in an amount of ***no less than three hundred thousand dollars ($300,000)***."[3] Exh. A (Complaint), ¶¶ 44, 59, 74.

---

[3] Plaintiff alleges that he regularly worked "over 40 hours" per week and "earned $36.55 per hour" at termination. *See* Exh. A (Complaint), ¶¶ 11, 15. Accordingly, based on Plaintiff's allegations, and to the extent Plaintiff prevails on any claim for lost wages resulting from his separation (on or around May 24, 2024) through the date of removal (December 1, 2025) *only*, the lost wages amount in controversy is conservatively estimated to be not less than $115,498.00 [79 weeks (May 24, 2024 – December 1, 2025) x $1,462.00/week]. However, Plaintiff seeks to recover lost earnings well past the date of removal. *See id.*, ¶¶ 44, 59, 74 (alleging Plaintiff has suffered the "loss of wages, salary, benefits, the potential for advancement, and additional amounts of money … all in an amount subject to proof ***at the time of trial*** …" (emph. added)). ODFL conservatively estimates that this matter will conclude by the end of December 2026, or within 12 months of its removal from the State Court. Calculating lost wages *through trial* yields an *additional* amount in controversy of not less than $76,024.00 [52 weeks (December 2, 2025 – December 1, 2026) x $1,462.00/week].

8

1

### EMOTIONAL DISTRESS DAMAGES

2      24.    Emotional distress damages are appropriately considered by the Court in
3   determining whether the amount in controversy is satisfied for purposes of removal.
4   *Kroske*, 432 F.3d at 980; *see also, e.g., Ponce v. Medical Eyeglass Ctr., Inc.*, 2015
5   WL 4554336, at *4 (C.D. Cal. July 27, 2015) (Synder, J.); *Simmons*, 209 F.Supp.2d
6   at 1034.

7      25.    Here, the Complaint ***expressly*** seeks to recover damages for "emotional
8   distress and anguish, humiliation, anxiety, and medical expenses … in an amount
9   subject to proof at trial, but  believed to be ***no less than three hundred thousand***
10  ***dollars ($300,000)*.**"  *See* Exh. A (Complaint). ¶ 30 (emph. added).

11

### PUNITIVE DAMAGES

12     26.    Plaintiff also seeks punitive and/or exemplary damages in connection
13  with his claims.  *See, e.g.*, Exh. A (Complaint), ¶¶ 35, 51, 66, 81, 104, 111, 121 &
14  Prayer for Relief at 26:11.  The Ninth Circuit has held that punitive damages should
15  be considered by a district court when determining the amount-in-controversy where
16  they are recoverable as a matter of law.  *See Gibson*, 261 F.3d at 945.

17     27.    Here, Plaintiff expressly "reserves the right to seek **$954,200.00** in
18  punitive damages against [ODFL] …"  Exh. H (Statement of Punitive Damages)
19  (emph. added).

20

### SUMMARY OF AMOUNT IN CONTROVERSY

21     28.    Based on the foregoing, the alleged compensatory, emotional distress,
22  and punitive damages sought by Plaintiff, if Plaintiff prevails, are established by a
23  preponderance of the evidence to exceed the requisite $75,000 amount in
24  controversy.[4]    Indeed, by Plaintiff's ***own admission***, the $75,000 amount-in-

25  _____

26      [4] The amount in controversy calculations, as set forth below, are based on an
    assumption for purposes of removal only that the allegations of Plaintiff's Complaint
27  regarding his theories of liability are true, but *without any type of express or implied*
    *admission* that the conduct alleged in the Complaint occurred, that Plaintiff has
28  suffered the damages alleged, and that such liability in fact exists. *See, e.g., Harris v.*

9

1  controversy threshold is met even without the inclusion of statutory attorneys' fees—

2  all of which Plaintiff is seeking and which binding precedent dictates should be

3  considered as part of the amount-in-controversy for purposes of this removal.

4      29.    Accordingly, the allegations of Plaintiff's Complaint and his Statement

5  of Punitive Damages definitely place in controversy no less than **$1,554,200.00** for

6  his alleged compensatory, emotional distress, and punitive damages in this action

7  [$300,000.00 + + $300,000.00 + $954,200.00].  *See* Exh. A (Complaint), ¶¶ 30, 44,

8  59, 74; Exh. H (Statement of Punitive Damages).

9      30.    Accordingly, because there is complete diversity of citizenship between

10  Plaintiff and ODFL, and because Plaintiff seeks damages far in excess of the $75,000

11  jurisdictional threshold, ODFL may remove this action pursuant to 28 U.S.C. §§ 1332

12  and 1441(b).   This action is one over which the United States District Courts have

13  original jurisdiction by reason of diversity of citizenship of the parties.

14      31.    ODFL expressly reserves the right to amend or supplement this Notice

15  of Removal and the evidence in support thereof to the fullest extent permitted by

16  applicable law to provide additional supporting evidence or include any additional

17  sums sought in the Complaint, but not included herein, should any aspect of this

18  removal and/or the information set forth herein be challenged.  *See, e.g., Arias*, 936

19  F.3d at 925-29 (defendant must be provided "a fair opportunity to submit proof" where

20  amount in controversy contested); *Janis v. Health Net, Inc.*, 472 F.App'x 533, 534-35

21  (9th Cir. 2012) (holding court erred in refusing to consider evidence of amount in

22  controversy submitted after removal in response to a remand motion).

23                              **VENUE**

24      32.    This is a civil action originally filed in State Court in Los Angeles

25  County, California.  ODFL is informed and believes the events allegedly giving rise

26

27  *Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("Removability under §

28  1446(b) is determined through examination of the four corners of the applicable
    pleadings, not through subjective knowledge or a duty to make further inquiry.").

**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

to this action occurred within this judicial district.  Venue lies in this Court because the State Court Action is pending in this district and division.  *See* 28 U.S.C. § 1441(a).

33.    Nothing in this Removal Notice is intended or should be construed as any type of express or implied admission by ODFL of any fact, or the validity or merits of any of Plaintiff's claims, causes of action, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of ODFL's rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved.

WHEREFORE, the above-entitled action should be removed from the Superior Court of the State of California in and for the County of Los Angeles to this United States District Court for the Central District of California.

DATED:  December 1, 2025    **BAKER & HOSTETLER LLP**

By: ___*/s/ Sylvia J. Kim*_____
Matthew C. Kane, Esq.
Sylvia J. Kim, Esq.
Amy E. Beverlin, Esq.
Kerri H. Sakaue, Esq.

Attorneys for Defendant
OLD DOMINION FREIGHT LINE, INC.

11

**EXHIBIT A**

Jihad M. Smaili, Esq. [262219]
Stephen D. Counts, Esq. [231348]
**SMAILI & ASSOCIATES, PC**
2114 North Broadway, Suite 200
Santa Ana, California 92706
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com
stephen@smaililaw.com

Attorneys for Plaintiff
AMBROCIO RODRIGUEZ

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/08/2025 2:52 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Porter, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

AMBROCIO RODRIGUEZ, an individual;

Plaintiff,

v.

OLD DOMINION FREIGHT LINE, INC., a corporate entity form unknown; and DOES 1-50, inclusive,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:  25PSCV02509
Assigned for all purposes to the

**COMPLAINT:**
1. Harassment in Violation of Gov. Code §12940 *et seq.*
2. Disability Discrimination in Violation of Gov. Code §12940 *et seq.*
3. Failure to Accommodate in Violation of Gov. Code § 12940(m)
4. Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n)
5. Age Discrimination in Violation of Gov. Code §12940 *et seq.*
6. Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k)
7. Retaliation in Violation of Gov. Code §12940(h)
8. Wrongful Termination
9. Meal and Rest Break Violations of Labor Code § 226.7
10. Failure To Pay Overtime & Wages
11. Failure to Pay All Compensation at Termination; Waiting Time Penalties
12. Violation of Business & Professions Code § 17200 *et seq.*

**DEMAND FOR JURY TRIAL**
**UNLIMITED JURISDICTION**

COMPLAINT

1

**EXHIBIT A**

EXHIBIT A

Plaintiff Ambrocio Rodriguez (hereinafter "Plaintiff") alleges as follows:

## THE PARTIES

1.      At all times mentioned herein, and at the time the causes of action arose, Plaintiff was and is an individual.

2.      Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant Old Dominion Freight Line, Inc., (hereinafter "Old Dominion"), is a corporate entity, form unknown, regularly conducting business in the State of California, and specifically, in the County of Los Angeles. Plaintiff is further informed and believes and thereon alleges that Old Dominion was transacting business in the County of Los Angeles, State of California, at the time claims of Plaintiff arose. At all times relevant, Old Dominion was an employer within the meaning of *Government Code* §12926(d) and as such was barred from, *inter alia*, harassing, discriminating or retaliating against Plaintiff in personnel, scheduling, employment, promotion, advancement, retention, hiring, terminating and other decisions relating to Plaintiff's employment on the basis of age, race, physical disability or medical condition, participation in protected activity, and other immutable characteristics.

3.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each Defendant named herein as a DOE was responsible in some manner for the occurrences and damages alleged herein.

4.      Each reference in this complaint to "Defendant" and/or "Defendants" refers to Old Dominion, and also refers to all Defendants sued under fictitious names, jointly and severally.

5.      Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this

EXHIBIT A

Smith & Associates, P.C.

1  Complaint. Plaintiff is further informed and believes and thereon alleges that Defendants,
2  and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs,
3  complaints, injuries and/or damages alleged in this Complaint. Likewise, Defendants, and
4  each of them are now and/or at all times mentioned in this Complaint were the agents,
5  servants and/or employees of some or all other Defendants, and vice-versa, and in doing
6  the things alleged in this Complaint, Defendants are now and/or at all times mentioned in
7  this Complaint were acting within the course and scope of that agency, servitude and/or
8  employment.

9      6.    Plaintiff is informed and believes and thereon alleges that Defendants, and
10 each of them, are now and/or at all times mentioned in this Complaint were members of
11 and/or engaged in a joint venture, partnership and common enterprise, and were acting
12 within the course and scope of, and in pursuance of said joint venture, partnership and
13 common enterprise.

14     7.    Plaintiff is informed and believes and thereon alleges that Defendants, and
15 each of them, at all times mentioned in this Complaint, concurred and contributed to the
16 various acts and omissions of each and every one of the other Defendants in proximately
17 causing the complaints, injures and/or damages alleged in this Complaint. Plaintiff is
18 further informed and believes and thereon alleges that Defendants, and each of them, at
19 all times mentioned in this Complaint, approved of condoned and/or otherwise ratified
20 each and every one of the acts and/or omissions alleged in this Complaint. Likewise,
21 Defendants, and each of them, at all times mentioned in this Complaint aided and abetted
22 the acts and omissions of each and every one of the other Defendants thereby proximately
23 causing the damages alleged in this Complaint.

24     8.    Plaintiff is informed and believes and thereon alleges that at all actions
25 alleged herein committed by Defendants were committed by managing agents of
26 Defendants, or, such conduct was known by and/or ratified by managing agents of
27 Defendants.

28

Sunifi & Associates, P.C.

---

COMPLAINT

3

## VENUE AND JURISDICTION

9.     Venue is proper in this county and this Court has jurisdiction over this matter because Defendants operate out of Irwindale, California, and, all of the claims and causes of action alleged herein occurred and accrued in the County of Los Angeles, State of California.

## FACTUAL BACKGROUND

10.     On September 18, 2020, Defendant hired Plaintiff as a truck driver. Plaintiff worked diligently until his termination on May 24, 2024.

11.     Plaintiff's duties included operating vehicles, handling and securing freight, planning routes, maintaining documentation, interacting with customers, and performing local deliveries and pickups. Plaintiff, aged 58 at termination, earned $36.55 per hour, performing his physically demanding tasks in a freight transportation environment.

12.     On April 24, 2024, Plaintiff sustained injuries to his left hip, shoulder, and elbow after falling from a trailer when he missed the first step and lost his grip, limiting his ability to work and constituting a physical disability under FEHA (Gov. Code § 12900 et seq.). Plaintiff immediately reported the injury to Defendant, but Defendant failed to provide workers' compensation paperwork or medical support. Plaintiff sought medical attention a week later, discovering a "chip" in his hip and persistent pain, but Defendant made no effort to accommodate him or engage in a good faith interactive process.

13.     From April 2024 to May 2024, Defendant subjected Plaintiff to harassment and retaliation. Defendant's supervisor, Jeff LNU ("Jeff"), issued unwarranted disciplinary actions, including a write-up for allegedly failing to take a second lunch break, despite Jeff instructing Plaintiff to forgo it. On another occasion, Jeff verbally abused Plaintiff for 30 minutes, accusing him of "stealing company time" after completing deliveries and awaiting instructions, threatening him before conceding and paying for the time. Defendant placed Plaintiff on a three-month probation period without

Smith & Associates, P.C.

COMPLAINT

4

1    justification, arbitrarily extended it, and only lifted it after Plaintiff contacted Human
2    Resources, causing significant demoralization.

3        14.    Defendant and its agents frequently made derogatory comments about
4    Plaintiff's age, calling him "too old," contributing to a hostile work environment.
5    Defendant also reduced Plaintiff's scheduled work days and hours in retaliation for his
6    injury report and accommodation requests. Plaintiff is similarly informed and believes
7    that Defendant had a systematic policy of pushing elderly employees to leave the
8    company.

9        15.    Defendant's excessive workload prevented Plaintiff from taking
10   uninterrupted 30-minute meal breaks for every five hours worked and 10-minute rest
11   breaks for every four hours worked, in violation of California Labor Code §§ 512 and
12   226.7. Defendant failed to properly compensate Plaintiff for overtime hours, paying
13   overtime only after exceeding 60 hours per week, despite regular work over 40 hours,
14   violating California Labor Code § 510. Defendant failed to provide Plaintiff's final
15   paycheck, including all earned and unpaid wages, upon termination, violating California
16   Labor Code §§ 201 and 203.

17       16.    Plaintiff is informed and believes that Defendant and its agents made
18   derogatory age-related comments about Plaintiff and other elderly employees. Plaintiff is
19   similarly informed and believes that Defendant had a systematic policy of pushing elderly
20   employees to leave the company.

21       17.    On May 24, 2024, Defendant terminated Plaintiff, a direct result of his
22   disability, age, reports of injury, requests for accommodation, and complaints regarding
23   overtime wages and meal and rest break violations. Plaintiff is informed and believes that
24   younger employees were not subjected to similar treatment, indicating age-based
25   discrimination.

26       18.    After termination, Defendant provided a damaging reference to a staffing
27   agency, disclosing details of Plaintiff's termination and preventing him from securing a
28

Smalti & Associates, P. C.

COMPLAINT

5

1   position, constituting defamation and tortious interference with prospective economic
2   advantage.

3       19.    Plaintiff suffered from harassment, discrimination, and retaliation based on
4   his disability, age, and protected activities, with Defendant failing to prevent this
5   misconduct or engage in a good faith interactive process for accommodations.

6       20.    Plaintiff is informed and believes that Defendant's actions also violated his
7   rights under the California Family Rights Act (CFRA) related to serious health
8   conditions, child bonding, or military exigencies, as alleged.

9       21.    Before filing this lawsuit, Plaintiff exhausted his administrative remedies
10  by timely filing a complaint with the California Civil Rights Department (CCRD) and
11  receiving a right-to-sue notice, dated March 20, 2025.

## FIRST CAUSE OF ACTION

### HARASSMENT IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE § 12940 et seq.

#### (Against All Defendants)

16      22.    Plaintiff re-alleges and incorporates by reference all allegations contained
17  in the preceding paragraphs of this Complaint as though fully set forth herein.

18      23.    California law, and particularly the Fair Employment and Housing Act
19  ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits harassment of persons
20  with a physical condition or disability, which is broadly defined therein, and which
21  includes even the perception that a person has a medical or mental condition and/or
22  physical condition or disability. FEHA further prohibits discrimination based upon, *inter*
23  *alia*, age, race, gender, sexual orientation, national origin, pregnancy and other
24  immutable characteristics.

25      24.    Employers are strictly liable for harassment committed by their agents or
26  supervisors. *State Dept. of Health Services v. Superior Court* (2003) 31 Cal.4th 1026,
27  1034.

28      25.    *Gov. Code*, § 12940(j)(1) states that employers may be liable for

COMPLAINT

6

*Smith & Associates, P.C.*

1  harassment committed by employees who are not agents or supervisors, and even non-

2  employees depending on the degree of the employer's control of the non-employee, if the

3  employer or its agents or supervisors know or should have known about the conduct and

4  failed to take "immediate and appropriate corrective action."

5       26.   *Gov. Code*, § 12940(j)(1) further states that "an entity shall take all

6  reasonable steps to prevent harassment from occurring. Loss of tangible job benefits shall

7  not be necessary in order to establish harassment."

8       27.   *Gov. Code* § 12940(j)(3) further states that an employee "is personally

9  liable for any harassment prohibited by this section that is perpetrated by the employee,

10  regardless of whether the employer or covered entity knows or should have known of the

11  conduct and fails to take immediate and appropriate corrective action."

12       28.   Defendants were aware of Plaintiff's disability and age, as herein alleged,

13  because Plaintiff specifically reported the same directly to Defendant via Defendant's

14  supervisors and managing agents.

15       29.   Plaintiff is informed and believes and thereon alleges that as a direct and

16  proximate result of Plaintiff's disability and age, Defendant harassed Plaintiff, in

17  violation of FEHA, and particularly *Gov't Code* §12940(j).

18       45.   Plaintiff is informed and believes, and thereon alleges, that Defendant's

19  harassment was severe and pervasive.

20       46.   Plaintiff is informed and believes, and thereon alleges, that a reasonable

21  similarly aged person in Plaintiff's circumstances would have considered the work

22  environment to be hostile, intimidating, offensive, oppressive, or abusive.

23       47.   Plaintiff is informed and believes, and thereon alleges, that Defendant's

24  harassment was a substantial factor in causing Plaintiff harm.

25       ~~30.~~   ~~As a direct, foreseeable, and proximate result of the wrongful conduct of~~

26  Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional

27  distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an

28  amount subject to proof at trial, but believed to be no less than three hundred thousand

COMPLAINT

7

EXHIBIT A

1   dollars ($300,000) and no more than three million dollars ($3,000,000).

2       31.     Plaintiff is informed and believes and thereon alleges that the above-alleged

3   actions of Defendant were the result and consequence of Defendant's failure to supervise,

4   control, direct, manage, and counsel those agents throughout Plaintiff's employment and

5   that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

6   enabled agents to believe that their conduct was appropriate.

7       32.     Defendant, and each of them, failed to offer counseling or comfort to

8   Plaintiff and sent the unmistakable message that such conduct is appropriate in the

9   workplace.

10      33.     Plaintiff is informed and believes and thereon alleges that Defendant has a

11  systemic and wide-spread policy of harassing against and retaliating against employees

12  based on the protected characteristics shared with Plaintiff. By failing to stop the

13  discrimination, harassment and retaliation, Defendant ratified the discriminatory and

14  retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct

15  with impunity.

16      34.     The outrageous conduct of Defendant, and each of them, as alleged herein,

17  was done with oppression and malice by Defendant and its supervisors and managers,

18  along with conscious disregard of Plaintiff's rights, and were ratified by those other

19  individuals who were managing agents of Defendant.

20      35.     The conduct of Defendant as alleged hereinabove was done with malice,

21  fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.

22  As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

23      36.     Plaintiff also continues to incur attorneys' fees and legal expenses in an

24  amount according to proof at the time of trial which fees and expenses are recoverable

25  pursuant to *Gov't Code* §12900 *et seq.*

26

27

28

EXHIBIT A

EXHIBIT A

## SECOND CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE § 12940 et seq.

#### (Against All Defendants)

37.   Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

38.   California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability. FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and other immutable characteristics.

39.   Plaintiff has a disability as alleged above.

40.   Defendant was aware of Plaintiff's disability, as herein alleged, because Plaintiff specifically reported said disability directly to Defendant via Defendant's supervisors and managing agents.

41.   At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

42.   Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's disability, Defendant refused to engage Plaintiff in an interactive process, refused to communicate with Plaintiff, refused to accommodate Plaintiff, denied Plaintiff opportunity for advancement, promotion and the ability to earn a living, and terminated Plaintiff.

43.   Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's disability in violation of FEHA, and particularly *Gov't Code* §12940(a).

EXHIBIT A

Small & Associates, P.C.

44.    As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendants' discriminatory conduct, all in an amount subject to proof at the time of trial, but believed to be no less than three hundred thousand dollars ($300,000) and no more than three million dollars ($3,000,000).

45.    As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

46.    Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

47.    Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

48.    Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

49.    Plaintiff is informed and believes and thereon alleges that his disability was a motivating factor in the decision of Defendant to discriminate against him and terminate him.

50.    The outrageous conduct of Defendant, and each of them, as alleged herein,

1  was done with oppression and malice by Defendant and its supervisors and managers,

2  along with conscious disregard of Plaintiff's rights, and were ratified by those other

3  individuals who were managing agents of Defendant.

4        51.    The conduct of Defendant as alleged hereinabove was done with malice,

5  fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.

6  As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

7        52.    Plaintiff also continues to incur attorneys' fees and legal expenses in an

8  amount according to proof at the time of trial which fees and expenses are recoverable

9  pursuant to *Gov't Code* §12900 *et seq.*

10                    **THIRD CAUSE OF ACTION**

11      **FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF**

12        **CALIFORNIA GOVERNMENT CODE § 12940(m)**

13            **(Against All Defendants)**

14        53.    Plaintiff re-alleges and incorporates by reference all of the allegations

15  contained in the preceding paragraphs of this Complaint as though fully set forth herein.

16        54.    Plaintiff has a disability as alleged above.

17        55.    Defendant was aware of Plaintiff's disability, as alleged above and herein.

18        56.    Defendant failed and refused to accommodate Plaintiff's needs, and, failed

19  and refused to engage in an interactive process with Plaintiff, and, failed to address

20  Plaintiff's needs in light of his disabilities.

21        57.    At all times herein alleged, Plaintiff was qualified for the position of

22  employment that he held with Defendant and was able to perform the essential functions

23  of that job if such reasonable accommodation had been made by Defendant. At no time

24  would the performance of the functions of the employment position, with a reasonable

25  accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other

26  person's health or safety, nor would it have created an undue hardship to the operation of

27  Defendant's business.

28        58.    Defendant's failure to accommodate Plaintiff, as alleged above, constitutes

*Smith & Associates, P.C.*

EXHIBIT A

1   unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code*

2   §12940.

3       59.    As a direct, foreseeable, and proximate result of Defendant's wrongful

4   conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has

5   suffered the loss of wages, salary, benefits, the potential for advancement, and additional

6   amounts of money Plaintiff would have received but for Defendant's wrongful conduct,

7   in an amount of no less than three hundred thousand dollars ($300,000) and no more than

8   three million dollars ($3,000,000), all subject to proof at the time of trial.

9       60.    As a direct, foreseeable, and proximate result of the wrongful conduct of

10  Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional

11  distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an

12  amount subject to proof at trial.

13      61.    Plaintiff is informed and believes and thereon alleges that the above-alleged

14  actions of Defendant were the result and consequence of Defendant's failure to supervise,

15  control, direct, manage, and counsel those agents throughout Plaintiff's employment and

16  that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

17  enabled agents to believe that their conduct was appropriate.

18      62.    Defendant, and each of them, failed to offer counseling or comfort to

19  Plaintiff and sent the unmistakable message that such conduct is appropriate in the

20  workplace.

21      63.    Plaintiff is informed and believes and thereon alleges that Defendant has a

22  systemic and wide-spread policy of discriminating against and retaliating against

23  employees with disabilities. By failing to stop the discrimination, harassment and

24  retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,

25  ~~directly caused a vicious cycle of wrongful conduct with impunity.~~

26      64.    Plaintiff is informed and believes and thereon alleges that Defendant's

27  desire to avoid accommodating Plaintiff was a motivating factor in the decision of

28  Defendant to discriminate against him and ultimately terminate him.

COMPLAINT

12

Smith & Associates, P.C.

EXHIBIT A

65. The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

66. The conduct of Defendant as alleged hereinabove was done with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

67. Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

### FOURTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN

### VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(n)

#### (Against All Defendants)

68. Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

69. Plaintiff has a disability as alleged above.

70. Defendant was aware of Plaintiff's disability, as alleged above and herein.

71. Defendant failed and refused to engage Plaintiff in an interactive process designed to unite Plaintiff with his job.

72. At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job if such reasonable accommodation had been made by Defendant. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant's business.

73. Defendant's failure to engage with Plaintiff in an interactive process, as

Smith & Associates, P.C.

EXHIBIT A

alleged above, constitutes unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code* §12940.

74. As a direct, foreseeable, and proximate result of Defendant's wrongful conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's wrongful conduct, all in an amount no less than three hundred thousand dollars ($300,000) and no more than three million dollars ($3,000,000), subject to proof at the time of trial.

75. As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

76. Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

77. Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

78. Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

79. Plaintiff is informed and believes and thereon alleges that Defendant's desire to avoid accommodating Plaintiff was a motivating factor in the decision of Defendant to discriminate against him and ultimately terminate him.

COMPLAINT

14

Summit & Associates, P.C.

80. The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

81. The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

82. Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

## FIFTH CAUSE OF ACTION
### AGE DISCRIMINATION
### IN VIOLATION OF GOV. CODE § 12940 *et seq.*
### (Against all Defendants)

83. Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

84. At all times herein mentioned, Gov't Code §§12940(a) and 12941 were in full force and effect and were binding on Defendant. These sections require Defendant to refrain from discriminating against any employee over the age of 40 because of their age.

85. At the time of Plaintiff's termination and at all times that Defendant was discriminating against Plaintiff as alleged herein, Plaintiff was over the age of 40. Plaintiff is informed and believes and thereon alleges that after years of wholly satisfactory, competent and diligent performance to the profit of Defendants, that Plaintiff's age, being over 40, was a motivating factor in Defendants' decision to terminate Plaintiff's employment. Said conduct by Defendants was intentional and willful.

86. Plaintiff is informed and believes and thereon alleges that Plaintiff was replaced with an employee below the age of 40.

EXHIBIT A

EXHIBIT A

87.     Defendant was aware of Plaintiff's age, as herein alleged, because Defendant maintained Plaintiff's personnel file which specifically contained the date of Plaintiff's birth and his corresponding age.

88.     At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

89.     Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's age, Defendant decided to discriminate against him, and in fact, discriminated against Plaintiff.

90.     Defendants' discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's age in violation of FEHA, and particularly Gov't Code §12940.

91.     As a direct, foreseeable, and proximate result of Defendants' discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's discriminatory conduct, all in an amount subject to proof at the time of trial.

92.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

93.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

94.     Defendants, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the

EXHIBIT A

Smith & Associates, P.C.

EXHIBIT A

1  workplace.

2      95.    Plaintiff is informed and believes and thereon alleges that Defendant has a

3  systemic and wide-spread policy of discriminating against and retaliating against

4  employees over the age of 40. By failing to stop the discrimination, harassment and

5  retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,

6  directly caused a vicious cycle of wrongful conduct with impunity.

7      96.    The outrageous conduct of Defendant, and each of them was done with

8  oppression and malice by Defendant and its supervisors and managers, along with

9  conscious disregard of Plaintiff's rights, and were ratified by those other individuals who

10  were managing agents of Defendant.

11      97.    Plaintiff also continues to incur attorneys' fees and legal expenses in an

12  amount according to proof at the time of trial which fees and expenses are recoverable

13  pursuant to Gov't Code §12900 *et seq.*

14                    **SIXTH CAUSE OF ACTION**

15          **FAILURE TO PREVENT DISCRIMINATION IN VIOLATION**

16            **OF CALIFORNIA GOVERNMENT CODE § 12940(k)**

17                      **(Against All Defendants)**

18      98.    Plaintiff re-alleges and incorporates by reference all of the allegations

19  contained in the preceding paragraphs of this Complaint as though fully set forth herein.

20      99.    During the course of employment, Defendant, and each of them, failed to

21  prevent or remedy discrimination, retaliation and harassment toward Plaintiff on the basis

22  of his disability and age, in addition to engagement in protected activity in violation of

23  *Government Code* §12940(k).

24      100.   As a direct result of the wrongful conduct of Defendant, Plaintiff suffered,

25  and continues to suffer, substantial losses in earnings and other benefits in an amount

26  according to proof at the time trial, including special and general damages.

27      101.   As a direct, foreseeable, and proximate result of the wrongful conduct of

28  Defendant, Plaintiff has suffered and continues to suffer emotional distress and anguish,

EXHIBIT A

Smith & Associates, P.C.

EXHIBIT A

1  humiliation, substantial losses in salary, bonuses, job benefits, and other employment

2  benefits which he would have received all to his damage in a sum within the jurisdiction

3  of the Court to be ascertained according to proof.

4     102.   Plaintiff is informed and believes and thereon alleges that the outrageous

5  conduct of Defendant, and each of them, as alleged herein, was done with oppression and

6  malice by Plaintiff's supervisors and managers, along with conscious disregard of

7  Plaintiff's rights, and were ratified by those other individuals who were managing agents

8  of Defendant.

9     103.   As a proximate result of the wrongful conduct of Defendant, and each of

10  them, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and

11  mental and physical pain and anguish according to proof at the time of trial.

12     104.   These unlawful acts were further encouraged by Defendant and done with a

13  conscious disregard for Plaintiff's rights and with the intent, design, and purpose of

14  injuring Plaintiff. The conduct of Defendant alleged hereinabove was done with malice,

15  fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.

16  As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

17     105.   Plaintiff has also incurred and continues to incur attorneys' fees and legal

18  expenses in an amount according to proof at the time of trial.

19                        <u>**SEVENTH CAUSE OF ACTION**</u>

20                        **RETALIATION IN VIOLATION OF**

21                 **CALIFORNIA GOVERNMENT CODE §12940(h)**

22                        **(Against All Defendants)**

23     106.   Plaintiff re-alleges and incorporates by reference all of the allegations

24  contained in the preceding paragraphs of this Complaint as though fully set forth herein.

25     107.   At all times herein mentioned, FEHA, *Government Code* §12940(h), was in

26  full force and effect and was binding on Defendant. This statute requires Defendant to

27  refrain from retaliating against Plaintiff.

28     108.   Plaintiff is informed and believes and thereon alleges that as a consequence

COMPLAINT

18

EXHIBIT A

1   of requesting disability accommodations and medical treatment, lodging complaints

2   about harassing and discriminatory acts being committed against Plaintiff, coupled with

3   Plaintiff's disability and age, Defendant took retaliatory action against Plaintiff by failing

4   to determine the essential functions of Plaintiff's job, mistreating Plaintiff, denying

5   Plaintiff advancement and promotion, and ultimately terminating Plaintiff.

6         109.   Defendant unlawfully retaliated against Plaintiff after he engaged in

7   protected activity including requesting disability accommodations, medical treatment,

8   and lodging workplace complaints related to harassment and discrimination that he was

9   facing, and other complaints of a hostile and unsafe working environment.

10         110.   As a proximate result of Defendant's willful, knowing, and intentional

11   conduct against Plaintiff, he has sustained and continues to sustain substantial losses in

12   Plaintiff's earnings and other employment benefits and continues to suffer humiliation,

13   emotional distress, and mental and physical pain and anguish, and sleep dysfunction, all

14   to Plaintiff damage in a sum according to proof.

15         111.   These unlawful acts were further encouraged by Defendant and done with a

16   conscious disregard for Plaintiff's rights and with the intent, design, and purpose of

17   injuring Plaintiff. In light of Defendant's willful, knowing, and intentional discrimination

18   against Plaintiff which culminated in Plaintiff discharge, Plaintiff seeks an award of

19   punitive and exemplary damages in an amount according to proof.

20         112.   Plaintiff has incurred and continues to incur legal expenses and attorney

21   fees. Plaintiff is presently unaware of the precise amount of said expenses and fees and

22   prays leave of court to amend this Complaint when said amounts are more fully known.

23         **EIGHTH CAUSE OF ACTION**

24         **WRONGFUL TERMINATION**

25         **(Against All Defendants)**

26         113.   Plaintiff re-alleges and incorporates by reference all of the allegations

27   contained in the preceding paragraphs of this Complaint as though fully set forth herein.

28         113.   Defendant was aware of Plaintiff's disability and age. Further, Defendant

COMPLAINT

19

1   was aware of Plaintiff's complaints about his workplace environment.

2   114.   *Labor Code* §232.5 makes it illegal for an employer to prohibit an
3   employee from discussing their working conditions.

4   115.   *Labor Code* §6310 protects an employee's right to complain of unsafe
5   working conditions.

6   116.   *Labor Code* §6400 requires employers to provide a work environment that
7   is safe for its employees.

8   117.   *Gov't Code* §12940 *et seq.*, prohibits forms of discrimination against
9   protected classes of employees.

10  118.   Defendant wrongfully terminated Plaintiff in violation of a substantial and
11  fundamental public policy in that a determining and motivating factor in Defendants'
12  decision to terminate Plaintiff was the desire to discriminate against him because: (i) he
13  suffered from a disability, (ii) he is over the age of 40, and (iii) he lodged complaints
14  about his working environment.

15  119.   Plaintiff is informed and believes and thereon alleges that these factors
16  made up Defendant's decision to terminate Plaintiff and/or played an important and
17  integral role in said decision. Such discrimination was in violation of the public policy of
18  the State of California and resulted in damage and injury to Plaintiff as alleged herein.

19  120.   As a proximate result of Defendants' willful, knowing, and intentional
20  discrimination and retaliation against Plaintiff, he has sustained and continues to sustain
21  substantial losses in Plaintiff earnings and other employment benefits and continues to
22  suffer humiliation, emotional distress, and mental and physical pain and anguish, and loss
23  of sleep/sleep dysfunction, all to his damage in a sum according to proof.

24  121.   In light of Defendants' willful, knowing, and intentional discrimination
25  against Plaintiff which resulted in his wrongful termination, Plaintiff seeks an award of
26  punitive and exemplary damages in an amount according to proof.

27

28

COMPLAINT

20

EXHIBIT A

## NINTH CAUSE OF ACTION

### MEAL AND REST BREAK VIOLATIONS OF LABOR CODE §226.7

#### (Against All Defendants)

122.  Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

123.  *Labor Code* §226.7(a) provides in pertinent part that, "No Employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

124.  *Labor Code* §512 provides in pertinent part that, "An employer may not employ an employee for a work period of more than five hours per work day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

125.  *Labor Code* §512 further provides in pertinent part that, "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

126.  *Labor Code* §516 provides that the industrial Welfare Commission may adopt or amend working condition orders with respect to meal periods for any workers in California consistent with the health and welfare of those workers.

127.  Section 11(A) of the IWC Wage Order(s) provides that "Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee

*Smith & Associates, P.C.*

EXHIBIT A

1   may, in writing, revoke the agreement at any time."

2       128.   Section 11(B) of the IWC Wage Order(s) provides that "If an employer

3   fails to provide an employee a meal period in accordance with the applicable provisions

4   of this order, the employer shall pay the employee one (1) hour of pay at the employee's

5   regular rate of compensation for each workday that the meal period is not provided."

6       129.   Likewise, the IWC Wage Order(s) and provisions of the Labor Code

7   require that an employer relieve an employee of duty for a 10-minute break for every four

8   hours worked.

9       130.   While employed by Defendants, and at all times relevant herein, Plaintiff

10  consistently worked over five (5) hours per shift and therefore was entitled to an

11  uninterrupted meal period of not less than thirty (30) minutes prior to exceeding five (5)

12  hours of employment, and, at least one rest break for every four hours worked.

13      131.   At all times relevant herein, Plaintiff did not waive his meal periods and/or

14  rest breaks, by mutual consent with Defendants or otherwise.

15      132.   At all times relevant herein, Plaintiff did not enter into any written

16  agreement with Defendants agreeing to an on-the-job paid meal period and/or rest break.

17      133.   Defendants failed to comply with the rest and meal period requirements

18  established by *Labor Code* §226.7, *Labor Code* §512, *Labor Code* §516 and Section 11

19  of the IWC Wage Order(s).

20      134.   Pursuant to Section 11(B) of the IWC Wage Order(s) and *Labor Code*

21  §226.7(b), which states in pertinent part that "if an employer fails to provide an employee

22  a meal or rest period in accordance with an applicable order of the industrial Welfare

23  Commission, the employer shall pay the employee one additional hour of pay at the

24  employee's regular rate of compensation for each work day that the meal or rest period is

25  not provided," Plaintiff is entitled to damages in an amount equal to one (1) additional

26  hour of pay at Plaintiff's regular rate of compensation for each work day that the meal

27  period was not provided.

28      135.   Pursuant to *Civil Code* §3287, Plaintiff seeks recovery of pre-judgment

Smith & Associates, P.C.

COMPLAINT

22

1  interest on all amounts recovered herein.

2  ### TENTH CAUSE OF ACTION

3  ### FAILURE TO PAY OVERTIME AND WAGES

4  #### (Against All Defendants)

5  136.   Plaintiff re-alleges and incorporates by reference all of the allegations

6  contained in the preceding paragraphs of this Complaint as though fully set forth herein.

7  137.   Defendants failed to pay Plaintiff wages for all hours worked, including,

8  without limitation, overtime wages.

9  138.   From at least four (4) years prior to the filing of this action and continuing

10  to the present, Defendants failed to pay Plaintiff wages for all hours worked, at least in

11  part because Defendants misclassified Plaintiff and required Plaintiff to work overtime

12  but did not compensate his for this time.

13  139.   Defendants' failure to pay wages and overtime in a timely fashion also

14  constituted a violation of California Labor Code §204, which requires that all wages be

15  paid in semimonthly payments. Each failure to make a timely payment of compensation

16  to Plaintiff constitutes a separate violation of California Labor Code §204.

17  140.   Plaintiff has been damaged by these violations of California Labor Code §§

18  204 and 510 and 1194 (and the relevant orders of the Industrial Welfare Commission).

19  141.   Consequently, pursuant to California Labor Code §§204, 510, and 1194

20  (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to

21  Plaintiff for the full amount of all his unpaid wages and overtime compensation, with

22  interest, plus his reasonable attorneys' fees and costs.

23  ### ELEVENTH CAUSE OF ACTION

24  ### FAILURE TO PAY ALL COMPENSATION AT TERMINATION;

25  ### WAITING TIME PENALTIES

26  #### (Against all Defendants)

27  142.   Plaintiff re-alleges and incorporates by reference all of the allegations

28  contained in the preceding paragraphs of this Complaint as though fully set forth herein.

*Smith & Associates, P.C.*

143.   Defendants failed to pay Plaintiff all wages for all hours worked at the time of Plaintiff's termination.

144.   Defendant's failure to pay wages in a timely fashion at the time of termination constitutes a violation of California *Labor Code* §202 and §204, which require that all wages be paid in timely fashion. Each failure to make a timely payment of compensation to Plaintiff constitutes a separate violation of California *Labor Code* §204.

145.   Plaintiff has been damaged by these violations of California *Labor Code* §§ 202 and 204 (and the relevant orders of the Industrial Welfare Commission).

146.   Consequently, pursuant to California Labor Code §§202, 204, and 1194 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Plaintiff for the full amount of all unpaid wages, sick pay and vacation pay, with interest, plus reasonable attorneys' fees and costs.

147.   Further, Defendants failed to pay Plaintiff sums certain at the time of Plaintiff termination or within seventy-two (72) hours of resignation.

148.   Defendants' failure to pay all compensation at the time of termination, as alleged above, was willful in that Defendants knew wages to be due but failed to pay them; this violation entitles Plaintiff to penalties under *Labor Code* §203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due. Plaintiff may also recover reasonable attorneys' fees.

## TWELFTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *et seq.*

### (Against All Defendants)

149.   Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

150.   Defendant, and each of them, have engaged in unfair and unlawful business practices as set forth above.

151.   Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair business practices.

COMPLAINT

24

152.   By engaging in the above-described acts and practices, Defendant, and each of them, have committed one or more acts of unfair, unlawful or fraudulent competition within the meaning of Business & Professions Code §17200 *et seq.*

153.   Defendant, and each of them, have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendant, and each of them, have acted contrary to public policies and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq.*, depriving Plaintiff and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

154.   As a direct and proximate result of the aforementioned acts and practices, Plaintiff has suffered a loss of money and property in the form of wages and benefits that he would have received as an employee of Defendant, and each of them.

155.   Plaintiff seeks an order of this Court awarding restitution, injunctive relief and all other relief allowed under Business & Professions Code §17200 *et seq.*, plus interest and costs.

COMPLAINT

25

EXHIBIT A

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but no less than three hundred thousand dollars ($300,000) and no more than three million dollars ($3,000,000);

2. For restitution for unfair competition pursuant to Business & Professions Code §17200 *et seq.*, resulting from Defendants' unlawful business acts and practices, according to proof;

3. For pre-judgment and post-judgment interest, according to proof;

4. For punitive and exemplary damages, according to proof;

5. For attorneys' fees, according to proof and statute;

6. For costs of suit incurred herein;

7. For such other relief that the Court may deem just and proper.


Dated: June 23, 2025           **SMAILI & ASSOCIATES, P.C.**


By: _/s/ Jihad M. Smaili_
Jihad M. Smaili, Esq.
Stephen D. Counts, Esq.
Attorneys for Plaintiff
AMBROCIO RODRIGUEZ

Smaili & Associates, P.C.

EXHIBIT A

EXHIBIT A

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

Dated: June 23, 2025                    **SMAILI & ASSOCIATES, P.C.**


By: */s/ Jihad M. Smaili*
     Jihad M. Smaili, Esq.
     Stephen D. Counts, Esq.
     Attorneys for Plaintiff
     AMBROCIO RODRIGUEZ

COMPLAINT

27

EXHIBIT A

**EXHIBIT B**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

OLD DOMINION FREIGHT LINE, INC., a corporate entity form unknown, and DOES 1-50, inclusive

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/08/2025 2:52 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Porter, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

AMBROCIO RODRIGUEZ, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Pomona Courthouse South
400 Civic Center Plaza
Pomona, CA 91766

WEST COVINA COURTHOUSE
1427 WEST COVINA PARKWAY
WEST COVINA, CA 91790

**CASE NUMBER**
*(Numero del Caso)*
25PSCV02509

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jihad M. Smaili [262219]; SMAILI & ASSOCIATES, P.C 2114 N Broadway, Suite 200, Santa Ana, CA 92706; 714-547-4700

DATE:
*(Fecha)* 07/08/2025

Clerk, by   David W Slayton, Executive Officer/Clerk of Court  , Deputy
*(Secretario)*         J. Porter                            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):* OLD DOMINION FREIGHT LINE, INC.

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

 Print this form    Save this form     Clear this form

**EXHIBIT B**

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*<br>Jihad M. Smaili [SBN 262219]<br>SMAILI & ASSOCIATES, PC<br>2114 N Broadway, Suite 200<br>Santa Ana, CA 92706<br>TELEPHONE NO. 714-547-4700          FAX NO. 714-547-4710<br>EMAIL ADDRESS: jihad@smaililaw.com<br>ATTORNEY FOR *(Name)* PLAINTIFF | **FOR COURT USE ONLY**<br><br>Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>7/08/2025 2:52 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Porter, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS 400 Civic Center Plaza
MAILING ADDRESS
CITY AND ZIP CODE Pomona, CA 91766
BRANCH NAME: Pomona Courthouse South

CASE NAME:
AMBROCIO RODRIGUEZ v. OLD DOMINION FREIGHT LINE, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| [x] **Unlimited**  [ ] **Limited**<br>(Amount         (Amount<br>demanded       demanded is<br>exceeds $35,000)  $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 25PSCV02509<br><br>JUDGE<br>DEPT. |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [ ] is  [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
**4.** ~~Number of causes of action *(specify):*   12 (twelve)~~
**5.** This case [ ] is  [x] is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date:  07/08/2025

Jihad M. Smaili, Esq.
(TYPE OR PRINT NAME)                                   ► /s/ Jihad M. Smaili
                                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |


EXHIBIT C

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic
    relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form    Save this form    Clear this form

EXHIBIT C



EXHIBIT D

| SHORT TITLE | AMBROCIO RODRIGUEZ v. OLD DOMINION FREIGHT LINE, INC. | CASE NUMBER | 25PSCV02509 |
|---|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | | | |
|---|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. | Location where petitioner resides. |
| 2. | Permissive filing in Central District. | 8 | Location wherein defendant/respondent functions wholly |
| 3. | Location where cause of action arose. | 9. | Location where one or more of the parties reside |
| 4. | Location where bodily injury, death or damage occurred. | 10. | Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. | Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection) |
| 6. | Location of property or permanently garaged vehicle | | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3



EXHIBIT D

**EXHIBIT D**

| SHORT TITLE | AMBROCIO RODRIGUEZ v. OLD DOMINION FREIGHT LINE, INC. | CASE NUMBER |
| --- | --- | --- |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
| --- | --- | --- | --- |
| Other Personal Injury/ Property Damage/ Wrongful Death | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☒ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION



**EXHIBIT D**

**EXHIBIT D**

| SHORT TITLE | CASE NUMBER |
|---|---|
| AMBROCIO RODRIGUEZ v. OLD DOMINION FREIGHT LINE, INC. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract (Continued)** | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>         Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

**EXHIBIT D**




**EXHIBIT D**

| SHORT TITLE AMBROCIO RODRIGUEZ v. OLD DOMINION FREIGHT LINE, INC. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Case Type | B Type of Action (check only one) | C Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |


**EXHIBIT D**

EXHIBIT D

| SHORT TITLE AMBROCIO RODRIGUEZ v. OLD DOMINION FREIGHT LINE, INC. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>□ 1. □ 2. ☒ 3. □ 4. □ 5. □ 6. □ 7. □ 8. □ 9. □ 10. □ 11 | ADDRESS:<br>600 Live Oak Ave | |
|---|---|---|
| CITY:<br>IRWINDALE | STATE:<br>CA | ZIP CODE:<br>91706 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _East Judicial_ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _07/08/2025_                              _Jihad M. Smaili_
                                                (SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 01/23          CIVIL CASE COVER SHEET ADDENDUM          LASC Local Rule 2.3
For Mandatory Use                  AND STATEMENT OF LOCATION

EXHIBIT D

EXHIBIT E

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS<br>West Covina Courthouse<br>1427 West Covina Parkway, West Covina, CA 91790 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>07/08/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Porter _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER<br>25PSCV02509 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Lynette Gridiron Winston | 6 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 07/08/2025 _____    By J. Porter _____, Deputy Clerk
   (Date)

LACIV 190 (Rev 6/18)
LASC Approved 05/06    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT E


EXHIBIT E

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT E

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

07/08/2025

David W. Shybi, Executive Officer/Clerk of Court

By: _____ K. Quach _____ Deputy

COURTHOUSE ADDRESS:
West Covina Courthouse
1427 West Covina Parkway, West Covina, CA 91790

PLAINTIFF:
Ambrocio Rodriguez

DEFENDANT:
OLD DOMINION FREIGHT LINE, INC., a corporate entity form unk

**NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER:
25PSCV02509

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 11/20/2025 | Time: 8:30 AM | Dept.: 6 |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 07/08/2025 _____

_Lynette Gridiron Winston_
Judicial Officer

**CERTIFICATE OF SERVICE**    Lynette Gridiron Winston / Judge

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in West Covina _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Jihad Smaili
2114 North Broadway, Suite 200
Santa Ana, CA 92706

David W. Slayton, Executive Officer / Clerk of Court

By K. Quach
Deputy Clerk

Dated: 07/08/2025 _____

**NOTICE OF**
**CASE MANAGEMENT CONFERENCE**

LASC LACIV 132 Rev. 01/23
For Optional Use

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH



EXHIBIT G

 **Superior Court of California, County of Los Angeles**
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 11/24
For Mandatory Use

Page 1 of 3

EXHIBIT G

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  RESOURCE LIST DISCLAIMER: The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*



EXHIBIT G

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

<u>Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)</u>
Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*



**EXHIBIT H**

Jihad M. Smaili, Esq. [262219]
**SMAILI & ASSOCIATES, PC**
2114 N Broadway, Suite 200
Santa Ana, CA 92706
Telephone: 714-547-4700
Facsimile: 714-547-4710
jihad@smaililaw.com

Attorney for Plaintiff
AMBROCIO RODRIGUEZ

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| AMBROCIO RODRIGUEZ, an individual;<br><br>     Plaintiff,<br><br>     v.<br><br>OLD DOMINION FREIGHT LINE, INC., a corporate entity form unknown; and DOES 1-50, inclusive,<br><br>        Defendants. | CASE NO.: 25PSCV02509<br><br>**PLAINTIFF'S STATEMENT OF PUNITIVE DAMAGES [CCP§425.115]** |

**NOTICE TO: OLD DOMINION FREIGHT LINE, INC., a corporate entity form unknown; and DOES 1-50, inclusive**

Plaintiff AMBROCIO RODRIGUEZ reserves the right to seek $954,200.00 in Punitive Damages against each of you when he seeks a judgment in the above captioned lawsuit filed against you.

Dated: September 16, 2025       **SMAILI & ASSOCIATES, P.C.**

By: *Jihad M. Smaili*
     Jihad M. Smaili, Esq.
     Attorneys for Plaintiff

**EXHIBIT H**

EXHIBIT I

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
| COURTHOUSE ADDRESS:<br>West Covina Courthouse<br>1427 West Covina Parkway, West Covina, CA 91790 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>07/08/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ K. Quach _____ Deputy |
| PLAINTIFF(S):<br>Ambrocio Rodriguez | |
| DEFENDANT(S):<br>OLD DOMINION FREIGHT LINE, INC., a corporate entity form unknow | |
| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER:<br>25PSCV02509 |

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>11/20/2025</u> at <u>8:30 AM</u> in department <u>6</u> of this court, <u>West Covina Courthouse</u>, and show cause why sanctions should not be imposed for:

[✔]   Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following: California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]   To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: <u>07/08/2025</u>

_____
Lynette Gridiron Winston / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

LACIV 166 (Rev. 09/08)
LASC Approved 06-04

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

EXHIBIT I

EXHIBIT I

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>West Covina Courthouse<br>1427 West Covina Parkway, West Covina, CA 91790 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>07/08/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ K. Quach _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Ambrocio Rodriguez | |
| DEFENDANT/RESPONDENT:<br>OLD DOMINION FREIGHT LINE, INC., a corporate entity form<br>unknown | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>25PSCV02509 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the **Order to Show Cause Failure to File Proof of Service** upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in **West Covina**, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Jihad Smaili
Smaili & Associates, P.C.
2114 North Broadway, Suite 200
Santa Ana, CA 92706

David W. Slayton, Executive Officer / Clerk of Court

Dated: 07/8/2025

By:  K. Quach
Deputy Clerk

**CERTIFICATE OF MAILING**



<span style="color:red">**EXHIBIT J**</span>

**FW-003**    **Order on Court Fee Waiver**
**(Superior Court)**

Clerk stamps date here when form is filed.

**FILED**
Superior Court of California
County of Los Angeles

07/09/2025

David W. Slayton, Executive Officer / Clerk of Court

By: _____ V. Solis _____ Deputy

① **Person who asked the court to waive court fees:**

Name: Ambrocio Rodriguez

Street or mailing address: _____

City: _____ State: _____ Zip: _____

② **Lawyer, if person in** ① **has one** *(name, firm name, address,*
*phone number, e-mail, and State Bar number):*

Jihad Smaili

2114 North Broadway, Suite 200 Santa Ana, CA  92706

(714)547-4700

jihad@smaililaw.com

262219

③ A request to waive court fees was filed on *(date):* _____

☐ The court made a previous fee waiver order in this case  on *(date):*

_____

*Read this form carefully. All checked boxes* ☑ *are court orders.*

Fill in court name and street address:

**Superior Court of California, County of Los Angeles**

West Covina Courthouse
1427 West Covina Parkway
West Covina CA 91790

Fill in case number and name:

**Case Number:**
25PSCV02509

**Case Name:**
AMBROCIO RODRIGUEZ vs OLD
DOMINION FREIGHT LINE, INC., A
CORPORATE ENTITY FORM UNKNOWN

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

④ After reviewing your:    ☑ *Request to Waive Court Fees*    ☐ *Request to Waive Additional Court Fees*
**the court makes the following orders:**

a. ☑ The court **grant**s your request, as follows:

(1) ☑   **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rules 3.55 and 8.818.)* You do not have to pay the court fees for the following:

- Filing papers in superior court
- Making copies and certifying copies
- Sheriff's fee to give notice
- Court fee for phone hearing
- Giving notice and certificates
- Sending papers to another court department
- Reporter's fee for attendance at hearing or trial, if the court is not electronically recording the proceeding and you request that the court provide an official reporter
- Assessment for court investigations under Probate Code section 1513, 1826, or 1851
- Preparing, certifying, copying, and sending the clerk's transcript on appeal
- Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
- Making a transcript or copy of an official electronic recording under rule 8.835

(2) ☐   **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.

☐ Jury fees and expenses
☐ Fees for court-appointed experts
☐ Other  *(specify):* _____
☐ Fees for a peace officer to testify in court
☐ Court-appointed interpreter fees for a witness

Judicial Council of California, www.courts.ca.gov
Revised September 1, 2019, Mandatory Form
Government Code, § 68634(e)
Cal. Rules of Court, rule 3.52

**Order on Court Fee Waiver (Superior Court)**

**FW-003,** Page 1 of 3

<span style="color:red">**EXHIBIT J**</span>

**EXHIBIT J**

Your name: Ambrocio Rodriguez

| Case Number: |
| --- |
| 25PSCV02509 |

b. ☐ The court **denies** your fee waiver request because:

> **Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) Your request is incomplete. You have **10 days** after the clerk gives notice of this Order (see date of service ☐ on next page) to:
- Pay your fees and costs, or
- File a new revised request that includes the incomplete items listed:
  ☐ Below    ☐ On Attachment 4b(1)

_____
_____
_____
_____

(2) ☐ The information you provided on the request shows that you are not eligible for the fee waiver you requested for the reasons stated: ☐ Below    ☐ On Attachment 4b(2)

_____
_____
_____
_____
_____

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court)* (form FW-006).You have **10 days** after the clerk gives notice of this order (see date of service below) to:
- Pay your fees and costs in full or the amount listed in c below, or
- Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c. (1) ☐ The court needs more information to decide whether to grant your request. You must go to court on the date on page 3. The hearing will be about the questions regarding your eligibility that are stated:
  ☐ Below    ☐ On Attachment 4c(1)

_____
_____
_____
_____

(2) ☐ Bring the items of proof to support your request, if reasonably available, that are listed:
  ☐ Below    ☐ On Attachment 4c(2)

_____
_____
_____
_____
_____
_____

**This is a Court Order.**

**Order on Court Fee Waiver (Superior Court)**    **FW-003**, Page 2 of 3

**EXHIBIT J**

**EXHIBIT J**

Your name: Ambrocio Rodriguez

Case Number:
25PSCV02509

Name and address of court if different from above:

Hearing Date

Date: _____  Time: _____

Dept.: _____  Room: _____

1427 West Covina Parkway, West Covina, CA, 9

**Warning!** If item c(1) is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Date: 07/09/2025

Signature of (check one): ☑ Judicial Officer  ☐ Clerk, Deputy

Benjamin P. Hernandez-Stern / Judge

## Request for Accommodations



Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one):*

☐ I handed a copy of this Order to the party and attorney, if any, listed in ① and ②, at the court, on the date below.

☐ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②, from *(city):* West Covina, California, on the date below.

　☐ A certificate of mailing is attached.

Date: 07/09/2025

David W. Slayton, Executive Officer / Clerk of Court

Clerk, by V. Solis, Deputy
Name: _____

**This is a Court Order.**

**EXHIBIT J**

EXHIBIT J

**CLERK'S CERTIFICATE OF ELECTRONIC SERVICE ON FEE WAIVER ORDER**

I certify that I am not a party to this cause and that the document: FW-003 - Order on Court Fee Waiver (Superior Court), has been transmitted electronically by the Los Angeles Superior Court from West Covina, CA to the electronic service provider that submitted the transaction. The transmission originated from Los Angeles Superior Court on 07/09/2025 at 03:02:24 PM PDT. The electronically transmitted document(s) is in accordance with Rule 2.251 of the California Rules of Court.  The list of electronically served recipient(s) are listed below:

Party: Ambrocio Rodriguez

EXHIBIT J

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>West Covina Courthouse<br>1427 West Covina Parkway, West Covina, CA 91790 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>07/09/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ V. Solis _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Ambrocio Rodriguez | |
| DEFENDANT/RESPONDENT:<br>OLD DOMINION FREIGHT LINE, INC., a corporate entity form unknown | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>25PSCV02509 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order on Court Fee Waiver (Superior Court) upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in West Covina, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Jihad Smaili
Smaili & Associates, P.C.
2114 North Broadway, Suite 200
Santa Ana, CA 92706

David W. Slayton, Executive Officer / Clerk of Court

Dated: 07/10/2025

By: V. Solis
Deputy Clerk

**CERTIFICATE OF MAILING**

EXHIBIT K

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | *FOR COURT USE ONLY* |
|---|---|
| Smaili & Associates, P.C.<br>Jihad M. Smaili, Esq. SBN 262219<br>2114 North Broadway, Suite 200<br>Santa Ana, California 92706<br>　　　TELEPHONE NO:　(714) 547-4700　　　FAX NO *(Optional)*:<br>　E-MAIL ADDRESS *(Optional)*:　jihad@smaililaw.com<br>　ATTORNEY FOR *(Name)*:　Plaintiff | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>11/03/2025 5:45 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By K. Friedman, Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF　Los Angeles | |
|---|---|
| 　STREET ADDRESS:　1427 W. Covina Parkway | |
| 　MAILING ADDRESS: | |
| 　CITY AND ZIP CODE:　West Covina, 91790-2799 | |
| 　BRANCH NAME:　East Limited Citrus | |

| PLAINTIFF / PETITIONER:　AMBROCIO RODRIGUEZ<br>DEFENDANT / RESPONDENT:　OLD DOMINION FREIGHT LINE, INC., et al. | CASE NUMBER:<br>25PSCV02509 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>14472827 (26648543) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents):*　Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, Notice of Case Management Conference, Statement of Damages
3. a.　Party served *(specify name of party as shown on documents served)*:
   OLD DOMINION FREIGHT LINE, INC., a corporate entity form unknown
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   CT Corporation System - Diana Ruiz, Intake Specialist - Person Authorized to Accept Service of Process
4. Address where the party was served:
   330 N Brand Blvd Suite 700, Glendale, CA 91203
5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:　Wed, Oct 29 2025　　　(2) at *(time)*:　12:25 PM
   b. [ ] **by substituted service.** On *(date)*:　　　　　at *(time)*:　　　　　I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
         from *(city)*:　　　　　　　　or [X] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

EXHIBIT K

EXHIBIT K

| PLAINTIFF / PETITIONER: AMBROCIO RODRIGUEZ | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: OLD DOMINION FREIGHT LINE, INC., et al. | 25PSCV02509 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*         (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☒ On behalf of *(specify):* OLD DOMINION FREIGHT LINE, INC., a corporate entity form unknown

    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)            ☒ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)            ☐ 415.46 (occupant)

    ☐ other:

7. **Person who served papers**

  a. Name:           Joshua May

  b. Address:        1400 North McDowell Blvd Suite 300, Petaluma, CA  94954

  c. Telephone number:  800-938-8815

  d. **The fee** for service was:  $67.50

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒ a registered California process server:

      (i) ☐ owner ☐ employee ☒ independent contractor

      (ii) Registration No:  2022270694

      (iii) County:  Los Angeles

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  October 31, 2025

Joshua May
_____
   (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 North McDowell Blvd Suite 300,
Petaluma, CA  94954
800-938-8815

_____
             (SIGNATURE)

EXHIBIT K

EXHIBIT K

MC-031

| PLAINTIFF / PETITIONER: | AMBROCIO RODRIGUEZ | CASE NUMBER: |
|---|---|---|
| DEFENDANT / RESPONDENT: | OLD DOMINION FREIGHT LINE, INC., et al. | 25PSCV02509 |

## DECLARATION OF MAILING

(This form must be attached to another form or court paper before it can be filed in court.)

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 North McDowell Blvd Suite 300, Petaluma, CA  94954.

On 10/29/2025, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Complaint, Notice of Case Assignment, Notice of Case Management Conference, Alternative Dispute Resolution Information Package, Statement of Damages

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, CA, addressed as follows:

OLD DOMINION FREIGHT LINE, INC., a corporate entity form unknown
CT Corporation System - Diana Ruiz, Intake Specialist - Person Authorized to Accept Service of Process
330 N Brand Blvd, Suite 700
Glendale, CA 91203.

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date:   10/29/2025

Kendall Holmes
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for    ☐ Plaintiff    ☐ Petitioner    ☐ Defendant
☐ Respondent    ☒ Other (Specify): InfoTrack US, Inc.

EXHIBIT K

EXHIBIT L

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|

NAME: Jihad M. Smaili [SBN: 262219] Shoka Kach [SBN: 332552]
FIRM NAME: SMAILI & ASSOCIATES, PC
STREET ADDRESS: 2114 North Broadway, Suite 200
CITY: Santa Ana          STATE: CA     ZIP CODE: 92706
TELEPHONE NO.: 714-547-4700        FAX NO.: 714-547-4710
EMAIL ADDRESS: jihad@smaililaw.com; stephen@smaililaw.com; shoka@smaililaw.com
ATTORNEY FOR (name): Plaintiff - Ambrosio Rodriguez

**Electronically FILED by
Superior Court of California,
County of Los Angeles
11/05/2025 2:20 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By K. Friedman, Deputy Clerk**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 1427 West Covina Parkway
MAILING ADDRESS:
CITY AND ZIP CODE: West Covina, CA 91790
BRANCH NAME: West Covina Courthouse

PLAINTIFF/PETITIONER: Ambrocio Rodriguez
DEFENDANT/RESPONDENT: Old Dominion Freight Line, Inc. et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* [x] **UNLIMITED CASE** (Amount demanded exceeds $35,000)    [ ] **LIMITED CASE** (Amount demanded is $35,000 or less) | 25PSCV02509 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: November 20, 2025     Time: 8:30am     Dept.: 6     Div.:          Room:

Address of court *(if different from the address above):*

[x]  Notice of Intent to Appear by Telephone, by *(name):* Shoka Kach

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [x] This statement is submitted by party *(name):* Plaintiff - Ambrosio Rodriguez
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* July 8, 2025
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [x] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*
      (2) [x] have been served but have not appeared and have not been dismissed *(specify names):*
          Old Dominion Freight Line, Inc. has been served and has time to appear/file a responsive pleading.
      (3) [ ] have had a default entered against them *(specify names):*
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in [x] complaint    [ ] cross-complaint    *(Describe, including causes of action):*
      FEHA based employment claims (disability and age discrimination, failure to accommodate, retaliation, etc.), wrongful termination, and Labor Code violations (failure to provide rest and meal breaks, etc.).

**Page 1 of 5**

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2024]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

EXHIBIT L

EXHIBIT L

**CM-110**

| PLAINTIFF/PETITIONER: Ambrocio Rodriguez | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Old Dominion Freight Line, Inc. et al. | 25PSCV02509 |

4.  b.  Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief):*
Plaintiff suffered discrimination, harassment, retaliation, and ultimately termination due to his disability, age, and for requesting accommodation. Defendant did not engage Plaintiff in a good faith interactive process and did not provide reasonable accommodation. Defendant also failed to provide Plaintiff rest and meal breaks. Plaintiff seeks special damages of front/back pay, owed wages, and general damages of emotional distress (according to proof).

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request  ☒ a jury trial  ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐  The trial has been set for  *(date):*

b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*

a.  ☒  days *(specify number):* 5 - 7

b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial  ☒ by the attorney or party listed in the caption  ☐ by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:          f.  Fax number:

e.  Email address:          g.  Party represented:

☐  Additional representation is described in Attachment 8.

9.  **Preference**

☐  This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel  ☒ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party  ☐ has  ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☒  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

EXHIBIT L

EXHIBIT L

CM-110

| PLAINTIFF/PETITIONER: Ambrocio Rodriguez | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Old Dominion Freight Line, Inc. et al. | 25PSCV02509 |

10. c.  In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date)*:<br>[ ] Agreed to complete mediation by *(date)*:<br>[ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [x] | [x] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date)*:<br>[ ] Agreed to complete settlement conference by *(date)*:<br>[ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date)*:<br>[ ] Agreed to complete neutral evaluation by *(date)*:<br>[ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date)*:<br>[ ] Agreed to complete judicial arbitration by *(date)*:<br>[ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date)*:<br>[ ] Agreed to complete private arbitration by *(date)*:<br>[ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date)*:<br>[ ] Agreed to complete ADR session by *(date)*:<br>[ ] ADR completed on *(date)*: |

EXHIBIT L

**EXHIBIT L**

CM-110

| PLAINTIFF/PETITIONER: Ambrocio Rodriguez | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Old Dominion Freight Line, Inc. et al. | 25PSCV02509 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy    ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

   (1) Name of case:

   (2) Name of court:

   (3) Case number:

   (4) Status:

   ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate    will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | Per Code |
| Plaintiff | Depositions | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*


**EXHIBIT L**

**EXHIBIT L**

CM-110

| PLAINTIFF/PETITIONER: Ambrocio Rodriguez | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Old Dominion Freight Line, Inc. et al. | 25PSCV02509 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*
Defendant Old Dominion Freight Line, Inc. has been served and has time to appear/file a responsive pleading.

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: November 5, 2025

Shoka Kach
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

▶ *Shoka Kach*
_____
(SIGNATURE OF PARTY OR ATTORNEY)

▶
_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**EXHIBIT L**


EXHIBIT L

<u>PROOF OF SERVICE</u>

STATE OF CA                         )
                                    ) ss.
COUNTY OF ORANGE          )

     I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 2114 North Broadway, Suite 200 Santa Ana, California 92706.

     On November 5, 2025, I served the foregoing document described as:

— **PLAINTIFF'S CASE MANAGEMENT STATEMENT**

on all interested parties in said action by:
     ☒MAIL   ☐ ELECTRONIC MAIL (E-MAIL) as follows:

| | |
|---|---|
| Defendant-<br>OLD DOMINION FREIGHT LINE, INC., a corporate entity form unknown<br>c/o: CT Corporation System – Diana Ruiz, Intake Specialist<br>330 N Brand Blvd. Suite 700<br>Glendale, CA 91203 | |

☒    I am readily familiar with the company's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Ana, California, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☒    STATE – I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 5, 2025 at Santa Ana, California.

      <u>**/s/Carlos Urzua**</u>
          CARLOS URZUA

1

EXHIBIT L

**FW-003**    **Order on Court Fee Waiver (Superior Court)**

*Clerk stamps date here when form is filed.*

**FILED**
Superior Court of California
County of Los Angeles
11/20/2025
David W. Slayton, Executive Officer / Clerk of Court
By: _____ R. Aragon _____ Deputy

**(1)** **Person who asked the court to waive court fees:**

Name: Ambrocio Rodriguez

Street or mailing address: 4415 Baldwin Park Blvd

City: Baldwin Park    State: CA    Zip: 91706

**(2)** **Lawyer, if person in (1) has one** *(name, firm name, address, phone number, e-mail, and State Bar number):*

Jihad M. Smaili, Esq.; SMAILI & ASSOCIATES, PC 2114 N Broadway , Suite 200, Santa Ana, CA 92706 ; 714-547-4700 SBN 262219.

*Fill in court name and street address:*

**Superior Court of California, County of**

Los Angeles
West Covina
1427 West Covina Parkway
West Covina, CA 91790

*Fill in case number and name:*

**Case Number:**
25PSCV02509

**Case Name:**
Ambrocio Rodriguez

**(3)** A request to waive court fees was filed on *(date):* 07/09/2025

☐ The court made a previous fee waiver order in this case on *(date):* _____

*Read this form carefully. All checked boxes ☑ are court orders.*

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

**(4)** After reviewing your:    ☐ *Request to Waive Court Fees*    ☒ *Request to Waive Additional Court Fees*
**the court makes the following orders:**

a. ☑ The court **grants** your request, as follows:

   (1) ☐ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rules 3.55 and 8.818.)* You do not have to pay the court fees for the following:

- Filing papers in superior court
- Making copies and certifying copies
- Sheriff's fee to give notice
- Court fee for phone hearing
- Giving notice and certificates
- Sending papers to another court department
- Reporter's fee for attendance at hearing or trial, if the court is not electronically recording the proceeding and you request that the court provide an official reporter
- Assessment for court investigations under Probate Code section 1513, 1826, or 1851
- Preparing, certifying, copying, and sending the clerk's transcript on appeal
- Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
- Making a transcript or copy of an official electronic recording under rule 8.835

   (2) ☑ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.

     ☑ Jury fees and expenses
     ☐ Fees for court-appointed experts
     ☐ Other *(specify):* _____
     ☐ Fees for a peace officer to testify in court
     ☐ Court-appointed interpreter fees for a witness

Judicial Council of California, www.courts.ca.gov
Revised September 1, 2019, Mandatory Form
Government Code, § 68634(e)
Cal. Rules of Court, rule 3.52

**Order on Court Fee Waiver (Superior Court)**      **FW-003**, Page 1 of 3

EXHIBIT M

Your name: _____

| Case Number: |
|---|
| |

b. ☐ The court **denies** your fee waiver request because:

> **Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) Your request is incomplete. You have **10 days** after the clerk gives notice of this Order (see date of service ☐ on next page) to:
- Pay your fees and costs, or
- File a new revised request that includes the incomplete items listed:
  ☐ Below     ☐ On Attachment 4b(1)

_____
_____
_____
_____

(2) ☐  The information you provided on the request shows that you are not eligible for the fee waiver you requested for the reasons stated: ☐ Below     ☐ On Attachment 4b(2)

_____
_____
_____
_____
_____
_____

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court)* (form FW-006). You have **10 days** after the clerk gives notice of this order (see date of service below) to:
- Pay your fees and costs in full or the amount listed in c below, or
- Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c. (1) ☐  The court needs more information to decide whether to grant your request. You must go to court on the date on page 3. The hearing will be about the questions regarding your eligibility that are stated:
  ☐ Below     ☐ On Attachment 4c(1)

_____
_____
_____
_____
_____

(2) ☐  Bring the items of proof to support your request, if reasonably available, that are listed:
  ☐ Below     ☐ On Attachment 4c(2)

_____
_____
_____
_____
_____
_____
_____

**This is a Court Order.**

EXHIBIT M

**EXHIBIT M**

Your name: _____

| Case Number: |
| --- |
| |

**Hearing Date** → Date: _____ Time: _____
Dept.: _____ Room: _____

Name and address of court if different from above:
_____
_____
_____
_____

> **Warning!** If item c(1) is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Date: _____    _____

*Signature of (check one):*    ☑ *Judicial Officer*    ☐ *Clerk, Deputy*

### Request for Accommodations



Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

### Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one):*

☐ I handed a copy of this Order to the party and attorney, if any, listed in ① and ②, at the court, on the date below.

☐ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②, from *(city):* _____, California, on the date below.

☐ A certificate of mailing is attached.

Date: _____

Clerk, by _____ , Deputy
Name: _____

**This is a Court Order.**

Rev. September 1, 2019    **Order on Court Fee Waiver (Superior Court)**    **FW-003**, Page 3 of 3

**EXHIBIT M**

EXHIBIT M

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

FOR COURT USE ONLY

COURTHOUSE ADDRESS:

West Covina Courthouse
1427 West Covina Parkway,  West Covina, CA 91790

PLAINTIFF(S)/PETITIONER(S):

Ambrocio Rodriguez

**FILED**
Superior Court of California
County of Los Angeles

11/20/2025

David W. Slayton, Executive Officer / Clerk of Court

By: _____ R. Aragon _____ Deputy

DEFENDANT(S)/RESPONDENT(S):

OLD DOMINION FREIGHT LINE, INC., a corporate entity form unknown

## CLERK'S CERTIFICATE OF SERVICE
## BY ELECTRONIC SERVICE

CASE NUMBER:

25PSCV02509

I, David W. Slayton, Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein and that on this date I served the

**Order on Court Fee Waiver (Superior Court) of 11/20/2025**

upon each party or counsel of record in the above entitled action by electronically serving to the party or parties at the electronic address as listed below:

**"Smaili, Jihad" <jihad@smaililaw.com>**

The electronic transmission originated from the Superior Court of California, County of Los Angeles email address eService-DoNotReply@lacourt.org at the West Covina Courthouse, 1427 West Covina Parkway, West Covina, CA 91790.

Dated: 11/20/2025

David W. Slayton, Executive Officer / Clerk of Court

By: _R. Aragon_____

Deputy Clerk

Page 1 of 1

LASC CIV 310 NEW 03/25
For Mandatory Use

EXHIBIT M

Code of Civil Procedure § 1013b(4)

EXHIBIT N

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
East District, West Covina Courthouse, Department 6

**25PSCV02509**                                              November 20, 2025
**AMBROCIO RODRIGUEZ vs OLD DOMINION FREIGHT**                              8:30 AM
**LINE, INC., A CORPORATE ENTITY FORM UNKNOWN**

| | |
|---|---|
| Judge: Honorable Lynette Gridiron Winston | CSR: None |
| Judicial Assistant: Rudy Aragon | ERM: None |
| Courtroom Assistant: Khanh Quach | Deputy Sheriff: None |

APPEARANCES:

For Plaintiff(s): Jihad Smaili , by Hamza Salem via LACourtConnect

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Case Management Conference; Order to Show Cause Re: Failure to File Proof of Service

The matters are called for hearing.

The Court finds Proof of Service was previously filed.

In light of the above, the Court orders the Order to Show Cause Re: Failure to File Proof of Service - DISCHARGED.

The Court and Plaintiff's Counsel confer on the status of contact with Defendant.

Case Management Conference is continued to 01/21/2026 at 08:30 AM in Department 6 at West Covina Courthouse.

Plaintiff is ordered to give notice and include that Defendant must file a Case Management Statement 15 calendar days prior to the next court date pursuant to Local Rule 3.25.

No new Case Management Statement is needed from Plaintiff.


EXHIBIT N

EXHIBIT O

| ATTORNEY (Name and Address): | SBN: | FOR COURT USE ONLY |
|---|---|---|
| **SMAILI & ASSOCIATES, P.C.**<br>**2114 N BROADWAY, STE 200**<br>**SANTA ANA, CA 92706**<br><br>EMAIL:<br>ATTORNEY FOR: **AMBROCIO RODRIGUEZ** | | |

NAME OF COURT, JUDICIAL DISTRICT or BRANCH COURT, IF ANY:

**L.A. SUPERIOR COURT, WEST COVINA**
**1427 W. COVINA PKWY**
**WEST COVINA, CA 91790**

**FILED**
Superior Court of California
County of Los Angeles

**NOV 24 2025**

David W. Slayton, Executive Officer/Clerk of Court
By: C. Luna, Deputy

PLAINTIFF:
**RODRIGUEZ, AMBROCIO**
DEFENDANT:
**OLD DOMINION FREIGHT LINE, INC**

COURT CASE NO:
**25PSCV02509**

| **Proof of Service of Summons** | LEVYING OFFICER FILE NO:<br>**2025082343** |
|---|---|

1. At the time of the service I was at least 18 years of age and not a party to this action.

2. I served copies of the:

   f. other *(specify documents):*
   **(CM-010) Civil Case Cover Sheet, (LASC CIV 109) Civil Case Cover Sheet Addendum and Statement of Location, (LASC CIV 271) Alternative Dispute Resolution (ADR) Information Package, (LASC LACIV 132) Notice of Case Management Conference, LACIV 190- NOTICE OF CASE ASSIGNMENT-UNLIMITED CIVIL CASE, ATTACHMENT-PLAINTIFF'S STATEMENT OF PUNITIVE DAMAGES, Summons and Complaint**

3. a. Party Served *(specify name of party as shown on documents served):*
   **OLD DOMINION FREIGHT LINE, INC., A CORPORATE ENTITY FORM UNKNOWN**

   b. Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **CT CORP SYSTEM, AGENT FOR SERVICE JOHN MONTIJO, AUTHORIZED EMPLOYEE**

4. Address where party was served:  **330 N BRAND BLVD STE 700**
   **GLENDALE, CA 91203**

5. I served the party:

   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: 11/17/2025 at: 11:30 AM.

6. the "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of *(specify):* OLD DOMINION FREIGHT LINE, INC., A CORPORATE ENTITY FORM UNKNOWN
   under the following Code of Civil Procedure section: **416.10 (corporation)**

7. **Person who served the papers:**

   a. Name: **CSS K. S LIMBRICK**

   b. Address: **110 N Grand Ave., # 525, Los Angeles, CA 90012**

   c. Telephone number: **(213) 972-3930**

   d. **The fee** for service was: **$50.00 (Waiver - FW)**

8. **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Judicial Council Form POS-010

**Original**
(c) CountySuite Sheriff, Teleosoft, Inc.

EXHIBIT O

<span style="color:red">EXHIBIT O</span>

| PLAINTIFF/PETITIONER: RODRIGUEZ, AMBROCIO | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: OLD DOMINION FREIGHT LINE, INC | 25PSCV02509 |

**Date:**   Thursday, November 20, 2025

**by:**   _Keishia S. Linbrick_

Sheriff's Authorized Agent
Robert G. Luna, Sheriff

<span style="color:red">EXHIBIT O</span>

1

## **PROOF OF SERVICE**

2

3       I am employed in San Francisco County, California.  I am over the age of
4   eighteen years and not a party to the within-entitled action.  My business address is
    600 Montgomery Street, Suite 3100, San Francisco, CA 94111-2806.  On December
5   1, 2025, I served a copy of the within document(s):

6

**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

7

| ☑ | **VIA U.S. MAIL.** by causing the document(s) listed above to be placed in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California and addressed to the persons at the address(es) as set forth below. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
|---|---|

8
9
10
11
12
13

14   Jihad M. Samaili, Esq.                      *Attorneys for Plaintiff*
15   Stephen D. Counts, Esq.
     SMAILI & ASSOCIATES, PC
16   2114 North Broadway, Suite 200
17   Santa Ana, California 92706
     Tel: (714) 547-4700
18   Fax: (714) 547-4710
19   Email: jihad@smaililaw.com
     stephen@smaililaw.com
20

21

22

23       I declare under penalty of perjury under the laws of the State of California that
     the above is true and correct.  Executed on December 1, 2025, at San Francisco,
24   California.

25

26                                   *Michael Folger*
                        _____
27                                   Michael Folger

28